UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA | **REPORT** <br> **and** |
| v. | **RECOMMENDATION** |
| DAVID CAIN, JR. | **05-CR-20A(F)** |
| Defendant. |  |

APPEARANCES:        KATHLEEN M. MEHLTRETTER
                    Acting United States Attorney
                    Attorney for Government
                    ANTHONY M. BRUCE
                    Assistant United States Attorney, of Counsel
                    Federal Center
                    138 Delaware Avenue
                    Buffalo, New York 14202

                    ANGELO MUSITANO, ESQ.
                    Attorney for Defendant
                    1520 Pine Avenue
                    P.O. Box 2127 NMS
                    Niagara Falls, New York 14301

## JURISDICTION

This case was referred to the undersigned by Honorable Richard J. Arcara on August 8, 2005, for all pretrial matters including report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion to dismiss the Indictment (Doc. No. 27), filed June 24, 2005.

## BACKGROUND and FACTS[1]

Defendant David Cain, Jr. ("Defendant"), and co-Defendant David Cain, Sr.,

---

[1] The Facts statement is taken from the Indictment and motion papers filed in this action.

Defendant's father, are charged in a single count indictment ("Indictment"), dated January 18, 2005, with violating 18 U.S.C. §§ 2 and 111(a)(1) and (b) ("§ 111") . Specifically, Defendant is charged with inflicting bodily injury on Special Deputy United States Marshall David Hall ("Special Deputy Hall"), while Hall was assisting local officers in arresting Defendant on a Niagara County bench warrant as a fugitive, based on Defendant's failure to appear in the Niagara County Court on a state indictment charging Defendant with violations of the New York State Penal Law.  Special Deputy Hall, a New York State Police criminal investigator, was "deputized" as a special deputy United States marshal on February 5, 2004.  Criminal Complaint (Doc. No. 1) ¶¶ 2 and 12; Musitano Affidavit ¶ 6.

Included in the term "any person," an assault on whom is an element of § 111, are those persons "designated" in 18 U.S.C. § 1114 ("§ 1114").  18 U.S.C. § 111.  Prior to 1996, § 1114 listed, as relevant, numerous categories of federal officers and employees as persons within its terms. *See* 18 U.S.C.S. § 1114 (Law. Co-op. 1994). However, in 1996, Congress amended § 1114 to strike references to such specified officers and employees within § 1114.  Pub. L. 104-294, Title I, § 601(f)(2), 110 Stat. 3499 (1996).  The designation of state law enforcement officers as special deputy United States marshals is authorized by 28 C.F.R. 0.112(b) (1996).  Defendant concedes that when the alleged assault occurred, Hall had been so designated. Musitano Affidavit ¶ 6.  In addition to Hall, other law enforcement personnel participating in the arrest included several deputy United States marshal and Niagara County Sheriff's Department Investigators.  Criminal Complaint ¶ 2.  The arrest warrant was based on a Niagara County Court indictment charging assault and criminal

2

possession of a weapon in violation of state law.  Criminal Complaint ¶ 2.

Defendant filed the instant motion pursuant to Fed. R. Crim. P. 12(b)(3)(A).[2]  The motion is supported by the attached Affidavit of Angelo Musitano, Esq., dated June 24, 2005 ("Musitano Affidavit").  On June 30, 2005, the Government filed its Response to Defendant's motion (Doc. No. 28) ("Government's Response").  Oral argument was conducted on July 19, 2005, and decision reserved.[3]

Based on the following, Defendant's motion to dismiss the Indictment (Doc. No. 27) should be DENIED.

## **DISCUSSION**

As explained, Defendant moves to dismiss the Indictment claiming the court is without jurisdiction or the Indictment fails to state an offense.  According to Defendant, the Indictment must be dismissed for lack of jurisdiction because, as there was no federal jurisdiction involved in Defendant's apprehension on the warrant, the Indictment fails to state a federal offense.  Musitano Affidavit ¶ 9 ("The fact that federal marshals assist in the execution does not create federal jurisdiction.").  More specifically, Defendant argues that as Special Deputy Hall, whom Defendant is alleged to have

---

[2] Although Defendant technically moved pursuant to Fed. R. Crim. P. 12(b)(3)(A), which permits the dismissal of an indictment based on a defect in instituting the prosecution, Defendant's argument, which fails to specify any such defect in support of dismissal, establishes Defendant is actually moving to dismiss the Indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B) based on a lack of criminal jurisdiction or a failure to state an offense, and will therefore by considered on this basis.

[3] At oral argument, Defendant's motion filed on March 21, 2005 (Doc. No. 13) by David Gerald Jay, Esq., who previously represented Defendant, seeking various pretrial relief including dismissal of the Indictment, a Bill of Particulars, to strike portions of the Indictment as superfluous, suppression of evidence, and to join in motions brought by co-Defendant, was withdrawn.

assaulted during the execution of the arrest warrant issued for Defendant, was not performing an "official duty" within the meaning of 18 U.S.C. § 111(a)(1) and (b), given that Hall was only present to assist other deputy United States marshals and Niagara County Sheriff's investigators in Defendant's arrest on the county court's arrest warrant based on charged violations of state laws.  Musitano Affidavit ¶¶ 6, 9, 11-12.  As stated, Defendant also asserts that Special Deputy Hall's mere presence (not that of the other deputy United States marshals who participated in Defendant's arrest), during execution of the warrant does not convert the execution of a state arrest warrant into a federal criminal matter sufficient to support a charge under § 111.  *Id*. ¶ 11.

In opposition, the Government argues that Special Deputy Hall, in accompanying the other law enforcement officers, was acting within the scope of his authority, *i.e.*, "official duty" for purposes of the Indictment.  Government's Response at 2-3.  As such, the Government urges the court to deny Defendant's motion to dismiss.  *Id*. at 5.  The Government did not specifically respond to Defendant's assertion that because there is no "federal jurisdiction" alleged by the Indictment, the Indictment fails to state a federal offense.  Defendant's argument as to any asserted lack of jurisdiction, however, ignores prevailing judicial tests as to whether the Indictment was facially valid.

First, while Defendant asserts a lack of jurisdiction, Defendant fails to cite any authority demonstrating why the Indictment on its face does not invoke the criminal jurisdiction of the United States.  *See*, *e.g.*, *Ex parte Crow Dog*, 109 U.S. 556, 568 (1883) (holding federal government could not prosecute an American Indian who, on Indian territory, had murdered another member of his tribe, as federal statute excluded such crime from federal criminal jurisdiction in favor of allowing the Indians to engage in

self-government, *i.e.*, "the regulation by themselves of their own domestic affairs, the maintenance of order and peace among their own members by the administration of their own laws and customs"); *See also United States v. Kostadinov*, 734 F.2d 905, 913 (2d Cir.) (reversing district court's dismissal, after a pretrial hearing, based on diplomatic immunity, of indictment charging defendant with espionage for lack of jurisdiction over defendant, because defendant, who had served as assistant commercial counselor in Bulgaria's New York City trade office failed to establish he was a member of the Bulgaria mission entitled to such diplomatic immunity), *cert. denied*, 469 U.S. 881 (1984). Rather, Defendant, confusingly and improperly, intertwines the notions of the Government's supposed lack of jurisdiction to prosecute the instant matter with whether the Indictment fails to adequately charge the offense at issue. "The mere fact that federal officers were present does not transform the execution of a state arrest warrant into a federal matter." Musitano Affidavit ¶ 11.

   The question, however, under § 111 is not whether the circumstances underlying the alleged assault on a person, like Hall, "designated in [18 U.S.C.] section 1114 . . ." 18 U.S.C. § 111, involved enforcement of a warrant based on a violation of federal law, *i.e.*, "a federal matter," but whether the Indictment alleges that the person assaulted was a person designated in § 1114 and who was "engaging in . . . the performance of an official duty." 18 U.S.C. § 111. Defendant cites no authority limiting the scope of § 111's "official duty" element to purely matters of federal law enforcement, and the court's research reveals none. Moreover, as discussed, *infra*, Discussion at 10-12, the fact that the Indictment alleges that a federal agent was assaulted sufficiently alleges the only prerequisite fact upon which this court's jurisdiction to proceed upon the

Indictment depends.  Thus, Defendant's effort to inject the question of so-called federal "jurisdiction" over Defendant's arrest is a 'red herring.'

Under Fed. R. Crim. P. 12(b)(3)(B), a defendant may make a motion, before trial, "alleging a defect in the indictment or information – but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense."  Nevertheless, "[a] motion to dismiss is not a device for the summary trial of the evidence; it is addressed only to the facial validity of the indictment."  *United States v. Eichman*, 756 F.Supp. 143, 145-46 (S.D.N.Y. 1991) (citing *United States v. Winer*, 323 F.Supp. 604, 605 (E.D.Pa. 1971)).  *See Russell v. United States,* 369 U.S. 749, 791 (1962) ("There is no such thing as a motion for summary judgment in a criminal case.") (Harlan, J. dissenting).  *See also United States v. Luros*, 243 F.Supp. 160, 165 (D. Iowa 1965) (holding motion to dismiss an indictment pursuant to Rule 12(b) "is not a device for a summary trial of the evidence. The sole function of this motion is to test the sufficiency of the indictment to charge an offense.") (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962), *cert. denied*, 382 U.S. 956 (1965).  Further, "[a] motion to dismiss for failure to charge an offense . . . does not lie where . . . the indictment tracks the language of the statute and sufficiently sets forth the elements of the crime charged*." United States v. Wexler*, 621 F.2d 1218, 1223 (2d Cir.), *cert. denied*, 449 U.S. 841 (1980).  "So long as the indictment sets forth the elements of the offense in sufficient detail to provide the defendant with notice of the charges against him and does not present double jeopardy problems, it is impervious to attack on a motion to dismiss [for failure to allege an offense." *Eichman*, *supra*, at 146 (citing *United States v. Mobile Materials, Inc.*, 871 F.2d 902, 906 (10th Cir.

1989)).

Additionally, a federal indictment is facially valid and sufficient if it contains the elements of the offense charged, fairly informs a defendant of the charges against which he must defend, and enables a defendant to plead double jeopardy in bar of further prosecution. *Hamling v. United States,* 418 U.S. 87, 117 (1974); *United States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir.), *cert. denied*, 504 U.S. 926 (1992). Further, an indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him with "reasonable certainty," state the time and place of the alleged offense in approximate terms. *Russell v. United States,* 369 U.S. 749, 765-66 (1962); *United States v. Covino,* 837 F.2d 65, 69 (2d Cir. 1988).

The form of the indictment is governed by Fed.R.Crim.P. 7 (c)(1), and requires that the indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." It is well settled that indictments which track the statutory language defining an offense are, as a general rule, sufficient under Rule 7(c) so long as application to a particular defendant is clear. *United States v. Parker*, 165 F.Supp.2d 431, 444 (W.D.N.Y. 2001) (citing *United States v. Upton,* 856 F. Supp. 727, 739 (E.D.N.Y. 1994) (citing *Hamling*, *supra*, at 117-18))).  Also, it is basic that an indictment which complies with Rule 7(c) satisfies Sixth Amendment requirements. *Russell, supra,* at 763-64; *Parker*, *supra*, at 444; *Upton, supra,* at 738.

As relevant here, 18 U.S.C. § 111(a)(1) imposes criminal liability upon one who assaults a federal officer designated as protected under 18 U.S.C. § 1114, "while engaged in or on account of the performance of official duties." The penalty for

violating § 111(a)(1) may be enhanced under 18 U.S.C. § 111(b), where such assault includes the use of a deadly weapon or the infliction of bodily injury. Indictment Count 1. Further, among the officers and employees of the United States who are designated as protected by 18 U.S.C. § 1114, and are thus within the protection of § 111, are deputy United States marshals and certain state law enforcement officers deputized as special deputy United States marshals.

As noted, Defendant does not contest that as a special deputy United States marshal, Hall was designated as protected by 18 U.S.C. § 1114, Musitano Affidavit ¶ 6, and, as such, pursuant to 18 U.S.C. § 111(a)(1) and (b), criminal liability may be imposed on Defendant if it is found at trial that he assaulted Special Deputy Hall "while [Hall was] engaged in or an account of the performance of [Hall's] official duties." Defendant nevertheless maintains that Special Deputy Hall's actions in assisting in the execution of an arrest warrant, issued by a state court and charging only violations of state law, do not constitute "the performance of official duties" for purposes of 18 U.S.C. § 111(a)(1) and (b). *Id*. As discussed, *infra*, this contention ignores the general rule that a facially valid federal indictment requires trial and that Defendant's argument is, at best, therefore, a matter of defense that must await trial.

There is no "bright-line test" defining the performance of official duties under 18 U.S.C. § 111. *United States v. Hoy*, 137 F.3d 726, 729 (2d Cir. 1998) (citing *United States v. Hoffer*, 869 F.2d 123, 125 (2d Cir. 1989)). The Second Circuit generally has held that "the proper inquiry is 'whether the federal agent [was] simply acting within the scope of what the agent is employed to do. The test is whether the agent [was] acting within that compass or [was] engaging in a personal frolic of [his or her] own.'" *Hoy*,

*supra*, at 729 (quoting *Hoffer, supra*, at 125) (bracketed text in original). Moreover, whether an officer is engaged in official duty, for purposes of imposing criminal liability for assaulting a federal officer, pursuant to 18 U.S.C. § 111, "is a factual one and therefore is properly left to the jury." *Hoy*, *supra*, at 729 (citing *Hoffer*, *supra*, at 126, and *United States v. Kelley*, 850 F.2d 212, 214 (5th Cir. 1988)). Significantly, neither of the cases on which Defendant relies, including *United States v. Archer*, 486 F.2d 670 (2d Cir. 1973), and *Whipps v. United States*, 47 F.2d 496 (6th Cir, 1931), involved, as does the instant case, a motion to dismiss pursuant to Rule 12. Rather, both cases proceeded to appeal after guilty verdicts.

Thus, Defendant's particular reliance, Musitano Affidavit ¶ 9, on *United States v. Archer*, 486 F.2d 670 (2d Cir. 1973), is misplaced. At issue in *Archer, supra*, was whether the district court had jurisdiction, pursuant to the Travel Act, 18 U.S.C. § 1952, over what could otherwise have be tried as a corruption case in state court, based on interstate telephone calls defendants made to an undercover federal agent who had assumed the role of a "potential consumer of corruption" pursuant to a plan concocted by federal, state and local law enforcement officials, intended to demonstrate evidence of corruption of New York City's criminal justice system. The investigation's planners had hoped that interstate telephone calls would be used in carrying out the scheme so as to transform an incident of otherwise purely local corruption into a violation of the Travel Act, thus creating federal jurisdiction over the incident.

In contrast, here, there is no assertion by Defendant, at least in support of the instant motion, that Special Deputy Hall was deputized as a special deputy United States marshal and accompanied the other law enforcement officers in executing the

arrest warrant against Defendant, with the intent that if Defendant resisted arrest, Special Deputy Hall (or any of the other deputy marshals) could be the object of a possible assault by Defendant thus providing a basis for filing federal criminal charges against Defendant pursuant to 18 U.S.C. § 111.  Such a defensive theory, in any event, does not bear on whether, at the outset, the Indictment sufficiently states an offense to require trial but, rather, Defendant may defend against the Indictment at trial by attempting to demonstrate reasonable doubt as to whether Hall was thus acting "while engaged in the . . . performance of [his] official duties," 18 U.S.C. § 111, or whether he was engaged in a "personal frolic."  *Hoy*, *supra*, at 729.

Because the purpose of § 111 is to protect "<u>both</u> federal officers and federal jurisdiction," *United States v. Feola*, 420 U.S. 671, 679 (1975) (underlining added), an allegation that a federal agent, as a victim of an assault, be engaged in a wholly federal law enforcement activity is not a prerequisite to an indictment under § 111.  Rather, the federal status of the victim is at the same time both an element of the offense and a basis to assert federal legislative and judicial jurisdiction over the assault.[4]  Thus, just as knowledge, or *scienter*, of the assaulted (or worse) person's status as a federal agent is irrelevant to the offense, *Feola*, *supra*, at 684, whether the agent is then engaged in the enforcement of a federal law is likewise superfluous as to so require would undermine the Congressional purpose of protecting the safety of federal agents who may be engaged in official duties, albeit not entirely involving pending federal

---

[4] The statute has been upheld against constitutional attack based on vagueness.  *United States v. Varkonyi*, 645 F.2d 453, 457 (5th Cir. 1981) (citing *United States v. Linn*, 438 F.2d 456, 458 (10th Cir. 1971)).  However, the court's research reveals no case in which § 111 has ever been challenged as beyond Congress's legislative power.

subject matters.  *See Feola*, *supra*, at 677 n. 9.  As the Supreme Court in *Feola* stated, "Congress was clearly concerned with the safety of federal officers insofar as it was tied to the efficacy of law enforcement activities."  *Feola*, *supra*, at 681.  Significantly, nothing in the Court's statement of § 111's broad protective purposes implies that such "law enforcement activities" by the federal agent, as referred to by the Court, need be tied exclusively to activities during which the agent engages in the enforcement of a federal law or court order, and the relevant caselaw holds to the contrary.  *See*, *e.g.*, *Hoy*, *supra*, at 730-31 (affirming defendant's conviction under § 111 for injuring an off-duty United States marshal, dressed in street clothes, who had intervened in a domestic dispute in which the victim wife was physically attacked by defendant, her estranged husband); *United States v. Reid*, 517 F.2d 953, 964 (2d Cir. 1975) (affirming defendant's conviction under § 111 for injuring an off-duty United States Drug Enforcement Administration agent who, while in a barber shop having his hair cut, heard a commotion in the liquor store next to the barber shop and, upon investigating and discovering a robbery in progress, attempted to protect the store owner and apprehend the robbers).  Defendant cites no caselaw in support of such a cramped reading of the scope of § 111 and the court's research reveals none.  To do so would leave federal agents vulnerable to assaults in cases where state law enforcement agencies have requested, as may have occurred in the instant matter, the assistance of federal agencies.[5]  In any event, whether, despite the dual salutary purposes of § 111,

---

[5] Given that other deputy United States marshals were also undisputedly involved in Defendant's arrest, the likelihood that such a significant presence of federal agents constituted a "personal frolic" on Hall's part, wholly outside the reasonable scope of his official duties appears remote.

in particular cases like the one at bar, a federal agent may be found by the jury, or the court on motion after the Government's case in chief, to have engaged in conduct outside the scope of his or her "official duty" is, as discussed, Discussion, *supra*, premature on a motion to dismiss an otherwise facially valid indictment.

As such, the Indictment's allegations, *i.e.*, that Defendant and his co-Defendant, inflicted bodily injury on Special Deputy Hall while Hall performed his official duties by assisting in the execution of a state court bench warrant for Defendant's arrest, sufficiently charges Defendant with violating 18 U.S.C. § 111(a)(1) and (b).  Whether the Government can establish as fact that Hall's participation in the arrest constituted an "official duty," consistent with relevant caselaw, must therefore await trial. Accordingly, Defendant's motion to dismiss the Indictment as without a jurisdictional predicate or as being facially invalid should be DENIED.

## CONCLUSION

Based on the foregoing, Defendant's motion to dismiss the Indictment (Doc. No. 27) should be DENIED.

                                                                Respectfully submitted,

                                                                /s/ *Leslie G. Foschio*

                                          LESLIE G. FOSCHIO
                             UNITED STATES MAGISTRATE JUDGE

DATED:     August 19, 2005
               Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

*Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
    LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   August 19, 2005
           Buffalo, New York