UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

                                                              ORDER
                        v.                                    05-CR-020A

DAVID CAIN, SR. and
DAVID CAIN, JR.

                        Defendants.

                This case was referred to Magistrate Judge Leslie G. Foschio

pursuant to 28 U.S.C. § 636(b)(1).  Defendant David Cain, Jr. filed a

motion to dismiss the indictment on June 24, 2005.  On August 19, 2005,

Magistrate Judge Foschio filed a Report and Recommendation

recommending that the motion to dismiss the indictment be denied.

                Defendant David Cain, Jr. filed objections to the Magistrate

Judge's Report and Recommendation and the government filed a

response.  On December 2, 2005, the Court heard oral argument on the

objections and ordered supplemental briefing.  The government filed its

supplemental brief on December 23, 2005, and the defendant filed his

                                        1

supplemental brief on January 4, 2006.  The matter was deemed submitted

on January 4th, without further argument.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de

novo determination of those portions of the Report and Recommendation

to which objections have been made.  Upon de novo review, and after

reviewing the submissions and hearing argument from the parties, the

Court hereby adopts Magistrate Judge Foschio's Report and

Recommendation and denies the defendant's motion to dismiss the

indictment.

As noted in the Report and Recommendation, defendants

David Cain, Jr. and David Cain, Sr. are charged in a one-count indictment

with assaulting and impeding Deputy United States Marshals in violation of

18 U.S.C. § 111(a)(1) and (b), when they attempted to arrest David Cain,

Jr.,  pursuant to an outstanding state bench warrant.  The indictment also

charges that in doing so, the defendants inflicted bodily injury on Special

Deputy United States Marshal David Hall.

The defendant argues that the indictment must be dismissed

because Special Deputy Hall did not have authority under New York State

law to execute a state arrest warrant.  As such, the defendant argues that

2

Hall was not "engaged in the performance of his official duties" when the alleged assault occurred.

The Court rejects this argument for the reasons stated in Magistrate Judge Foschio's Report and Recommendation.  In addition to the authority cited in the Report and Recommendation, the Court also relies upon the reasoning in United States v. Street, 66 F.3d 969 (8th Cir. 1995), and United States v. Lopez, 710 F.3d 1071 (5th Cir. 1983) in support of its ruling.

As in this case, the defendant in Lopez was charged with violating § 111 when he assaulted a federal officer who was attempting to detain a state fugitive pursuant to an outstanding state arrest warrant.  The defendant argued that there was no federal offense because the federal officer lacked the authority to detain a state fugitive under the applicable state law.  The Fifth Circuit rejected this argument and stated:

> The arrest or detention by the federal officer may or may not have been authorized by state law, but in either event, whether the conduct was in the performance of his "official duties" within the meaning of the federal statute is determined by *federal*, not state, law.

See Lopez, 710 F.2d at 1073-74 (emphasis added).

The defendant in Street was also charged with violating 18

U.S.C. § 111.  In that case, the defendant had assaulted the federal officer

(a park ranger) while the officer was assisting state authorities in the

investigation of suspected gaming law violations.  The defendant argued

that the federal officer whom he assaulted was not "engaged in the

performance of his official duties" at the time because did not have

authority detain or arrest individuals suspected of violating state gaming

laws.  The Eighth Circuit rejected this argument, stating that:

> 'Engaged in . . . performance of official duties' is simply acting
> within the scope of what the agent is employed to do.  The test
> is whether the agent is acting within that compass or is
> engaging in a personal frolic of his own. The scope of what the
> agent is employed to do is not defined by whether the officer is
> abiding by laws and regulations in effect at the time of the
> incident, nor is the touchstone whether the officer is performing
> a function covered by his job description.  The courts have
> opted instead for an interpretation of this phrase that is broad
> enough to fulfill Congress's goals of protecting federal officers
> and facilitating the accomplishment of federal functions. They
> look to whether the officer's actions fall within the agency's
> overall mission, or are what an officer ought to do because of
> being an officer.

Street, 66 F.3d at 978 (internal quotations and citations omitted).

Whether New York State law specifically authorizes a federal

marshal to execute a state-issued bench warrant is simply not the issue.

The issue is whether the federal officers were "engaged in the performance

4

of their official duties" when they were allegedly assaulted.  This issue is determined by federal, not state, law.  <u>See</u> <u>Lopez</u>, 710 F.2d at 1073-74. The government proffered that on the day of the alleged assault, federal officers had accompanied state authorities to the defendant's residence in accordance with the terms of a memorandum of understanding between the New York State Police, the United States Marshals Service and the United States Attorneys Office for the Western District of New York. Pursuant to that memorandum of understanding, it was agreed that federal and state officials would assist one another in the apprehension of persons with outstanding state and federal bench warrants.  The federal officers were acting under this authority when the incident occurred.  Based upon the government's proffer, a jury could certainly find that the agents were acting within the scope their official duties when the alleged assault occurred.

Accordingly, the defendant's motion to dismiss the indictment is denied.  The case is referred back to Magistrate Judge Foschio for further proceedings.

IT IS SO ORDERED.

_____ /s/ Richard J. Arcara

HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: January 26, 2006