UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                                        DECISION AND ORDER
            v.                                          05-CR-20A

DAVID CAIN, JR.,
DAVID CAIN, SR.

                        Defendants.

_____


## BACKGROUND

            The defendants, David Cain, Jr. and David Cain, Sr., are charged in

a one-count indictment with assaulting a federal officer in violation of 18 U.S.C.

§ 111(a)(1) and (b).

            Trial on this matter commenced on May 31, 2006.  The government

called as witnesses United States Marshals Daniel Larish, Timothy Twarog,

Richard Rooney and Special Deputy Marshall David Hall.  The government also

called Niagara County Sheriff's Investigator Patrick Cerminara and two

physicians, Michael Martin and Robert Bauer.  During Special Deputy Hall's

testimony on June 2nd,  it was discovered that Hall had prepared a report relating

to the events of the defendants' arrest on November 23, 2004, which had not

been provided to defense counsel.  The Court adjourned the trial and directed the

witness to obtain a copy of his report.

1

The witness returned later that day with a report that had been prepared and signed by his supervisor, David Kendall.  Although the report was not actually signed by Hall, defense counsel was permitted to use the statement in connection with Hall's cross-examination.  After the witness was excused, defense counsel alerted the Court that Kendall's report referenced other reports that had not been provided to defense counsel. Some of those reports were made by witnesses who had already testified.  The Court directed the prosecutor to obtain these reports and provide them to the defendants immediately.

Later that day, the government provided defense counsel with several reports made by witnesses who had previously testified.  Specifically, the government produced: (1) a report by David Hall; (2) a report by Deputy Marshal Richard Rooney; and (3) a report by Niagara County Sheriff's Investigator Patrick Cerminara.  The government also provided a report made by New York State Police Investigator Salomon DeJesus, who was at the scene on November 23, 2004 but had not been called as a government witness, and photographs of defendant David Cain, Jr. taken shortly after the incident.

Defense counsel moved for a mistrial based upon the government's failure to comply with the requirements of the Jencks Act, 18 U.S.C. § 3500.  The government acknowledged that its failure to disclose the Hall, Rooney and Cerminara statements violated the Jencks Act, but opposed a mistrial and argued that the violations could be remedied by permitting defense counsel to recall

2

those witnesses.  The government stated that the violations were inadvertent and that he failed to disclose the materials because they were in New York State police files of which he was unaware.

On June 12, 2006, the Court granted the defendants' motions for a mistrial.  In granting the motion, the Court found that failure to disclose the Hall, Rooney and Cerminara statements violated the Jencks Act.  The Court also found that the government's failure to disclose the statements was inadvertent and that there was no intentional bad faith by the prosecutor.  Nevertheless, the Court found that the violations could not be remedied by permitting defense counsel to recall those witnesses and that a mistrial was warranted.

Thereafter, both defendants filed motions to dismiss the indictment on double jeopardy grounds and the government filed a response in opposition to the motions.  Oral argument was held on September 5, 2006.

## **DISCUSSION**

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Clause protects against multiple prosecutions and multiple punishments for the same offense.  United States v. Dixon, 509 U.S. 688, 696 (1993); United States v. GAF Corp., 884 F.2d 670, 673 (2d Cir. 1989).

Generally, however, the double jeopardy clause does not bar a second prosecution following a mistrial declared at the request of the defendant. See United States v. Tateo, 377 U.S. 463, 467 (1964); United States v. Leonard, 593 F.2d 951, 954 (10th Cir. 1979) ("[G]enerally retrial is the rule" following a defense requested mistrial). In Oregon v. Kennedy, 456 U.S. 667 (1982), the Supreme Court discussed an exception to this general rule. The Court stated that a defendant who has successfully moved for a mistrial on grounds of prosecutorial misconduct may successfully claim double jeopardy as a bar to retrial, but "[o]nly where the governmental conduct in question is intended to 'goad' the defendant into moving for a mistrial." Kennedy, 456 U.S. at 676. The Kennedy exception is "intended to prevent the prosecution from forcing a mistrial when things are going badly for it, in the hope of improving its position in a new trial." GAF Corp., 884 F.2d at 673. Both the Supreme Court and the Second Circuit have emphasized that the Kennedy exception is narrow, and that even "harassing or overreaching conduct on the part of the prosecutor . . . 'does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.'" Id. (quoting Kennedy, 456 U.S. at 676).

In Kennedy itself, the Supreme Court held that double jeopardy did not bar a retrial where the prosecutor referred to the defendant as "a crook" because there was no intent by the prosecutor to cause a mistrial. Similarly,

4

United States v. Millan, 17 F.3d 14 (2d Cir. 1994), the Second Circuit held that double jeopardy did not bar retrial following a mistrial because of the government's failure to disclose information about the misconduct of several of its witnesses.  See also GAF Corp., 884 F.2d at 673-74 (holding that double jeopardy did not bar retrial of defendants resulting from the government's failure to turn over important discovery material).

The defendants appear to acknowledge that a finding of intentional misconduct is required in order for the Kennedy exception to apply.  Nonetheless, they argue that the Court should infer bad faith because the circumstances suggest that the government intentionally withheld the documents in order to gain unfair advantage over the defendants.

The Court rejects this argument.  As the Court stated when the mistrial was granted, the Jencks Act violations were the result of inadvertence on the part of the government, and not the result of any bad faith misconduct by the prosecutor.  There is simply no evidence to suggest that the government intentionally withheld the Jencks materials in order to "goad" the defendant into making a mistrial.  In fact, it was clear that the government was as surprised as the defendants to learn that these prior statements existed.  The government also strenuously objected to the defendant's motion for a mistrial, which supports the Court's finding that it was not the government's intention to obtain a mistrial.

In <u>United States v. McKoy</u>, 78 F.3d 446 (9th Cir.), <u>cert</u>. <u>denied</u>, 519 U.S. 817 (1996), the Ninth Circuit held that double jeopardy did not bar retrial of the defendants following a mistrial granted as a result of the government's violation of the <u>Jencks</u> Act.  The Court found that the government's conduct had resulted from "a series of misunderstandings and miscues between government agents" and was not the result of any intentional wrongdoing by the government. <u>Id.</u> at 451.  As in <u>McKoy</u>, the government's lack of diligence in complying with its <u>Jencks</u> obligations simply does not rise to the level of misconduct necessary to bar retrial of the defendants.  "Negligence, even if gross, is insufficient" to satisfy the <u>Kennedy</u> exception. <u>United States v. Huang</u>, 960 F.2d 1128, 1133 (2d Cir. 1992); <u>see also</u> <u>Millan</u>, 17 F.3d at 19 ("Even if the Government was less than diligent in its investigation . . . this negligence does not rise to the level of intentional conduct necessary to invoke the protections of the Double Jeopardy Clause.").

Accordingly, the Court hereby denies the defendants' motions to dismiss the indictment based upon double jeopardy grounds.

IT IS SO ORDERED.

/s/ *Richard J. Arcara*
_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: October 4, 2006

6